IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CITY OF WILDWOOD, MISSOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-4177-NKL |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, as Receiver for Premier | ) |
| Bank, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Motion to Dismiss [Doc. # 10] filed by Defendant Federal Deposit Insurance Corporation ("FDIC") in its receivership capacity ("FDIC-R"). For the following reasons, the Court denies the motion.

**I.  Background**

Plaintiff brings suit pursuant to 12 U.S.C. § 1821(d) challenging the FDIC's disallowance of Plaintiff's attempt to draw on three letters of credit totaling $323,612.98, issued by Premier Bank, which is in receivership with the FDIC. The FDIC contends that disallowance was appropriate because the letters of credit were repudiated at the time of the bank's closing.

Defendant FDIC brings its motion to dismiss on the grounds that Plaintiff has improperly pled its claims against FDIC in its corporate capacity rather than in its

receivership capacity. As authorized by federal statute, FDIC acts in two distinct capacities: 1) its corporate capacity as overseer of insured depository institutions and 2) its receivership capacity to "marshal assets of failed institutions as receiver for the benefit of creditors." [Doc. # 10 at 2]; *United States v. Schroeder*, 86 F.3d 114, 117 (8th Cir. 1996). Under the "separate entities doctrine," FDIC cannot be sued in its corporate capacity as an insurer if the conduct alleged involved FDIC's actions while in its receivership capacity over a particular financial institution. *Id.* at 117. FDIC alleges that Plaintiff has improperly "named and served the FDIC in its corporate capacity, but alleges no actionable conduct by the FDIC [in its corporate capacity]" [Doc. # 11 at 4].

## II. Motion to Dismiss

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

The Court finds that Plaintiff has adequately stated a claim against FDIC in its receivership capacity. Plaintiff's original complaint explicitly stated, "The FDIC, as receiver for Premier Bank, disallowed the claims filed by Wildwood and repudiated the Letters of Credit." [Doc. # 1 at 3]. This line contains the heart of Plaintiff's claim against FDIC and illustrates a clear intent to sue FDIC in its receivership capacity for its disallowance of Plaintiff's claims involving the letters of credit. The remainder of the original complaint also referred to FDIC's capacity as receiver for Premier Bank. [*See e.g.* ¶¶ 6-7 of the original Complaint, Doc. # 1]. Plaintiff has made its intentions even more explicit in the First Amended Complaint, filed by Plaintiff on October 7, 2011, and approved by the Court. The Amended Complaint makes frequent reference to Defendant as "FDIC-R," clearly specifying that the complaint is not directed towards FDIC in its corporate capacity. [*See e.g.* ¶¶ 3, 16, 18, First Amended Complaint]. For the above reasons, the Court finds that Plaintiff's complaint against FDIC in its receivership capacity is sufficient on its face to survive a motion to dismiss under Rule 12(b)(6) and thus denies FDIC's motion.[1]

---

[1] FDIC also argues that Plaintiff's Request for Alias Summons [Doc. # 6] was intended to be directed towards FDIC in its corporate capacity. Specifically, FDIC points to the lack of language in the Summons explicitly mentioning FDIC's receivership capacity, as well as to the fact that the Summons was directed to the "Regional Counsel FDIC." However, as stated above, the language of the Complaint is sufficiently clear concerning Plaintiff's intent to sue the FDIC in its receivership capacity. This overrides any technical lack of an explicit distinction between FDIC-C and FDIC-R in the Summons. The fact that the Court Clerk, in her minute entry, was able to properly classify the Summons as directed at the FDIC as receiver, illustrates the clarity of the Complaint. FDIC has not argued that service was otherwise improper.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim [Doc. # 10] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 19, 2011
Jefferson City, Missouri